FILED

2015 MAY -4 P 2:05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Benjamin Ligeri ) | |
| ) | |
| v. ) | CA 15- 177M |
| ) | |
| Monsanto Company, ) | Complaint for violation of RICO laws, |
| E. I. du Pont de ) | Sherman Antitrust Act and |
|   Nemours and Company, ) | Deceptive Trade Practices |
| Bristol-Myers ) | |
|   Squibb Company, ) | Jury Trial Demanded |
|                    and ) | |
| Pfizer, Inc. ) | |

## COMPLAINT

The Plaintiff, Benjamin Ligeri, hereby alleges to the best of his knowledge and belief, as follows:

### INTRODUCTION AND BACKGROUND

1. The Plaintiff, a natural person and resident of Rhode Island, brings this action against Defendants Monsanto Company, E. I. du Pont de Nemours and Company, Bristol-Myers Squibb Company, and Pfizer, Inc. ("Defendants") pursuant to Racketeer Influenced and Corrupt Organizations (RICO) laws, the Sherman Antitrust Act and relevant law concerning Deceptive Trade Practices, for which the Plaintiff has suffered an ascertainable loss.

### PARTIES

2. Benjamin Ligeri is a natural person residing at 68 Waldron Ave in Cranston, RI 02910.

3. Monsanto Company (herein "Monsanto") is a publicly-traded chemical

company headquartered at 800 North Lindbergh Boulevard in St. Louis, MO 63167.

4. E. I. du Pont de Nemours and Company (herein "DuPont") is a publicly-traded chemical company headquartered at 1007 Market Street in Wilmington, DE 19898.

5. Bristol-Myers Squibb Company (herein "Bristol-Myers") is a publicly-traded biopharmaceutical company headquartered at 345 Park Avenue in New York, NY 10154.

6. Pfizer, Inc. (herein "Pfizer") is a publicly-traded biopharmaceutical company headquartered at 235 East 42nd Street in New York, NY 10017.

## JURISDICTION

7. The Court has subject matter jurisdiction to hear the claims alleged herein as brought pursuant to 15 USC §§1-7, 15 USC §1125, 18 USC §1964, 28 USC §1331 and 28 USC §1332. The Court also has supplemental jurisdiction pursuant to 28 USC §1367 to hear the claims brought by the Plaintiff pursuant to RI Gen. Laws §6-13.1-5.2 as they pertain to Deceptive Trade Practices.

## GENERAL ALLEGATIONS

8. The Defendants participate in the genetic modification of crops and food products collectively, among each other and for profit in relation to one other or more Defendants.

9. The Defendants, individually and collectively, tamper with the genetic properties of agricultural products in a manner that go beyond natural selective breeding and involve one or more of the following:

> a) the introduction of genes from both flora and/or fauna species into agricultural crops;

b) the introduction of viruses from both flora and/or fauna species into agricultural crops; and

c) the introduction of industrial herbicides and pesticides and/or other biochemical reagents that would increase the tolerance of agricultural crops to both into said agricultural crops.

10. The methodologies employed by one or more or all of the Defendants as mentioned in Paragraph 9 have led to the following circumstances and events that the Defendants knew, should have known and exhibited reckless disregard in knowing or having should known and their internal scientific studies likely have shown which it is anticipated they will claim trade secrets privileges in discovery to conceal:

a) introduction of genetically altered crops into the wild and cross pollination with those of producers who do not use such methods; and

b) accumulation of pesticides, herbicides and other carcinogenic materials known to cause cancer in genetically modified crops (for example and not limited to wheat, soy and/corn) as well as food products that genetically modified crops are used to make (for example and not limited to breads, cereals, high fructose corn syrup);

c) introduction of endocrine disrupters and abnormal levels of hormone that would tend to affect or disrupt or have affected and/or disrupted human development; and

d) the proliferation and eventual dominance of terminal or "terminator" seeds and eventual displacement of sister crops that would require agricultural producers and farmers to purchase their seeds only from

Defendant Monsanto;

e) proximate and/or derivative cause(s) of cancer, diabetes, heart disease, taste addiction, Parkinson's Disease, Alzheimer's Disease and/or depression; and

f) the introduction of the Defendants' agricultural and other biochemical products into cattle and herds raised for agricultural products and bio-accumulated carcinogenic and other harmful substances accumulated in the same as well as disease and reproductive problems in the same.

12. The Plaintiff has consumed food products and their derivatives genetically modified by one or all of the Defendants. The Plaintiff could not avoid consumption of said foods because the Defendants have introduced their agricultural products into the market, and by extension, into the wild where sister crops have been genetically corrupted as stated, *supra*. The Plaintiff has also been prevented from avoiding the Defendants' products for reasons *infra*.

13. To conceal and/or corner the market and/or restrain trade of products that would compete with said products and/or obfuscate the effects of the aforesaid genetic alterations as well as any liability the Defendants may be subject to, by one or more of the following means:

a) bogus, fraudulent and/or misleading patent applications and suits to enforce or the threat of suits to enforce the same;

b) the patenting of one or more organism(s) that previously existed in the wild as if they were new life forms subject to patenting pursuant to 35 USC §161 while failing to provide said life forms a new name, brand, trademark

or similar identifier so as to distinguish said organism(s);

c) the filing of actions or threatening to file actions or similar pursuit of litigation against food producers whose crops were corrupted by cross pollination of one or more of the Defendants' crops; and

d) influence and attempts to unduly influence government regulators by various means.

14. One or more agricultural producers in the United States have purchased and continue to rely upon the Defendants' products to purposely overproduce agricultural products so as to benefit from federal farm subsidies.

## SPECIFIC ALLEGATIONS

### COUNT ONE: Civil Remedy for Racketeer Influenced and Corrupt Organizations Act, 18 USC §1964

15. The Plaintiff realleges ¶¶1-14 as if set forth verbatim.

16. The acts of the Defendants pertaining to patent trolling, litigation and retaliation against other agricultural producers may have or likely has constituted a violation of United States RICO laws.

17. The acts of the Defendants pertaining to influencing regulators and submitting false and/or misleading statements and/or attestations in connection with the patenting of life forms may have or likely has constituted a violation of United States RICO laws.

18. The acts of the Defendants are critical to agricultural producers who are trying to obtain agricultural subsidies by overproducing genetically corrupted products they would otherwise not be entitled to.

## COUNT TWO: False Designation of Goods, 15 USC §1125

19. The Plaintiff realleges ¶¶1-14 as if set forth verbatim.

20. The Defendants, used in commerce one more word(s), term(s), name(s), symbol(s), or device(s), and/or any combination thereof, and/or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:

> a) is likely to caused confusion and/or to cause mistake, and/or deceived the Plaintiff as to the affiliation, connection, or association of the Defendants with other persons, and/or or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person; and/or
>
> b) in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of the Defendants' goods, services, or commercial activities.

## COUNT THREE: Violations of Sherman Antitrust Act, 15 USC §§1-7

22. The Plaintiff realleges ¶¶1-14 as if set forth verbatim.

23. The Defendants, in the course of conduct alleged here, monopolized, or attempted to monopolize, or combined or conspired with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, the trade of products within their industries.

24. The Defendants' conduct, individually and/or alone, constituted a contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia, or in

restraint of trade or commerce between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations.

### COUNT FOUR: Deceptive Trade Practices RI Gen. Laws §6-13.1-5.2

25. The Plaintiff realleges ¶¶1-14 as if set forth verbatim.

26. The Defendants, used in commerce one more word(s), term(s), name(s), symbol(s), or device(s), and/or any combination thereof, and/or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:

> a) is likely to caused confusion and/or to cause mistake, and/or deceived the Plaintiff as to the affiliation, connection, or association of the Defendants with other persons, and/or or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person; and/or
>
> b) in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of the Defendants' goods, services, or commercial activities.

27. One or more of the Defendants used immoral and/or deceptive nomenclature to obtain or attempt to obtain one or more patents in furtherance of the conduct complained of here.

28. The Plaintiff purchased goods for personal or household use, specifically, food, which contained the Defendants' products he could not avoid as a consequence of

the Defendants' methods, acts and practices complained of here.

### COUNT FIVE: For Injunctive Relief

29. The Plaintiff realleges ¶¶1-28 as if set forth verbatim.

30. The Plaintiff continues to suffer irreparable harm as a consequence of the Defendants' conduct complained of herein.

31. The Plaintiff has not other adequate remedy at law prior to entry of judgment in his favor.

WHEREFORE, the Plaintiff claims:

A. Costs

B. Attorney's fees when counsel is retained

C. Nominal damages of $10,000,000 in the aggregate or:

    (1) $10,000 per RI Gen Laws §6-13.1-8; and

    (2) $100,000,000 for Antitrust Violations (15 USC §§1-7);

D. Punitive damages

E. A restraining order and order that performance bond be posted (18 USC §1964)

E. Treble damages

F. Injunctive relief restraining the Defendants' acts complained of herein;

THE PLAINTIFF:

Benjamin Ligeri, plaintiff
68 Waldron Ave
Cranston, RI 02910
508-266-5130

DATED: 4/4/2015